T. J. BOWMAN, et al. v. ROBERT HELTON.

Eastern Section. April 7, 1928.

Divine & Guinn, of Johnson City, and Lovett & Berry, of Rogersville, for plaintiff in error.

Susong, Susong & Parvin, and Dana Harmon, of Greeneville, for defendant in error.

THOMPSON, J. This case was tried in the circuit court on an issue of devisavit vel non, in which trial Robert Helton was the proponent and J. T. Bowman, John Bowman, W. F. Bowman and D. S. Bowman were the contestants, of the alleged will of T. J. Bowman, deceased.

Verdict and judgment were rendered and entered in favor of the will. The contestants seem to have filed a motion for a new trial which was overruled. They prayed and were granted an appeal to this court "upon the execution of an appeal bond in the sum of $250, or otherwise complying with the law." They failed to perfect the appeal, but their attorney caused a notice to be served upon the proponent, and his attorneys, that at ten o'clock on the 26th day of September, 1927, at the office of the clerk of this court in the City of Knoxville, he would present a transcript of the technical record to one of the judges and would apply for a writ of error. This notice was dated September 14, 1927; was served upon the proponent on September 17, 1927, and was served upon his attorneys on September 19, 1927.

It appears that contestants' attorney did not present the record at the time and place stated in the notice, but the record is marked by the clerk of this court, "filed September 28, 1927."

The attorneys for the proponent have filed a motion to strike the cause from the docket and to dismiss the same because, "the transcript of the technical record in the case was not presented to the judge of the court or filed at or within the time specified in the notice given the defendant—notice having been given that the transcript of the technical record and application for writ would be presented at ten o'clock on the 26th day of September, 1927, and in fact, the same was not presented with application for writ of error nor filed until September 28, 1927."

The proponent has also filed a motion as follows:

"In this cause the defendant moves to strike from the transcript of the technical record the original paper writing appearing at page 6A of the transcript, and order remanding the same to the custody of the circuit court clerk of Greene county, Tennessee, where it properly belongs with the record of evidence and file, because:—

"1. It is not a part of and does not appear upon the records of the circuit court at Greeneville, Tennessee, and because it is not identified or in any way made a part of any record for this court.

"2. Because it is not in connection with and bears no agreement or order for it to be sent up in the original form."

The contestants have filed no formal assignments of error, but have filed a "brief" which contains a short statement of what occurred in the lower courts and which also includes this statement:

"The paper writing purporting to be the last will and testament of T. J. Bowman, deceased, is not a will and should not be given the effect of a testamentary paper, because the same from the face of the instrument, cannot take effect at the death of the purported testate. The same providing that 'one day after date I promise to pay to the order of, etc.'"

Treating this statement in the contestants' brief as a sufficient assignment of error, their position (and only position) is that the technical record (including the paper writing adjudged to be the will) shows error in that said writing is such on its face as could not, as a matter of law, take effect at death.

While it is probably not necessary to do so, we think it best to make a statement as to some of the matters shown by the record. The petition which the contestants filed in the county court after alleging that the contestant, Robert Helton, had probated the purported will at the March, 1925, term of court, alleged as follows:

"The petitioners are the sons of Joe Bowman, who is a brother of the said T. J. Bowman, deceased, and petitioners further allege that the said Joe Bowman is also dead, having died some several years ago. Petitioners charge that the said instrument is not the will of the said T. J. Bowman, deceased, because petitioners are informed and believe that the said T. J. Bowman, deceased, never at any time executed a will, and they are further informed and believe that the instrument purporting to be a will, is a forgery. Petitioners are further informed and believe that T. J. Bowman, deceased, did not authorize his name affixed to any instrument intending the same to be a will and that if his signature to this instrument was authorized, the same was done by fraud, undue influence and false representations, as to what the contents of the same were.

"Petitioners further allege that said instrument is not in the form of a will, and does not contain the necessary formalities, as required by statute to constitute a will. And petitioners further aver that the same is void by reason of the fact that there is no testamentary clause as required by statute."

The proponent's answer to this petition contained the following:

"He denies that the said will was never executed, and he denies that the said paper writing or will is a forgery. He denies that the said T. J. Bowman, deceased, did not authorize his name to be affixed to the said instrument or intended the same to be a will. He denies that the same was done by fraud or undue or false representa-

tions as to its contents. Respondent denies that the said instrument is not in the form of a will, or that it does not contain the necessary formalities as required by statute to constitute a valid will. He further denies that the said instrument is void by reason of the fact that there is no testamentary clause. He shows, on the contrary, that the said paper writing is the last will and testament of the deceased, T. J. Bowman, and that it was duly and regularly executed by the deceased without undue influence, and he shows that it is the last will and testament of the said T. J. Bowman, deceased, duly executed and properly admitted to probate."

In the county court it was "ordered that the facts of the contest of said will be certified to the circuit court of Greene county, and that the original writing aforesaid be sent up to said circuit court."

The clerk of the county court seems to have sent all the papers to the circuit court where they were filed, but it does not appear what issues were made up in the circuit court, except that an order was entered in the case, in part, as follows:

"In this cause, came the parties and their attorneys and a jury of good and lawful men, to-wit:—(names of members of the jury) who, being elected, tried and sworn to well and truly try the issues joined and a true verdict render, upon their oaths do say that the paper writing offered for probate on which issue is made in the case, is the lawful will and testament of the deceased, T. J. Bowman.

"It is therefore ordered, adjudged by the court that the writing offered in the case, is the last will and testament of said T. J. Bowman, deceased, and the clerk of this court is ordered and directed to certify a copy of the record in this cause to the clerk of the county court for Greene county, Tennessee, together with the original will to be there recorded in accordance with the provisions of the law."

Shannon's Code, section 3905, provides:

"Where the validity of any last will or testament, written or nuncupative, is contested, the county court shall cause the fact to be certified to the circuit court, and send to said court the original will, and shall require the contestant to enter into bond, with surety, in the penal sum of $500, payable to the executor mentioned in the will, conditioned for the faithful prosecution of the suit, and, in case of failure therein, to pay all costs that may accrue thereon."

Section 3909 provides:

"At the first term after the filing of the certificate aforesaid, and will, in the office of the clerk of the circuit court, an issue shall be made up, under the direction of the court, to try the validity of the same."

It is clear from the authorities construing this last section, that the cause should be tried in the circuit court not upon the issue made

by the petition and answer thereto filed in the county court, but upon an issue or issues to be made up in the circuit court under the direction of the court. But no particular form of pleading is required. All that is required is that the party propounding the paper shall affirm it to be the testator's will, and the contesting party shall deny it. Ford v. Ford, 7 Humph., 95; Harrison v. Morton, 2 Swan., 461; Guthrie v. Owen, 2 Humph., 202; Wisener v. Maupin, 2 Baxter, 342; Patton v. Allison, 7 Humph., 328.

We treat the above quoted verdict and judgment, which was a minute entry, as being a sufficient showing on the technical record of an issue having been made up, because it was only necessary that the proponent affirm and the contestants deny, etc. Ford v. Ford, and Guthrie v. Owen, supra.

But since only the technical record was filed and no bill of exceptions, the contestants are limited to the one position hereinbefore stated, i. e., that the technical record shows error in that the paper purporting to be the will is such on its face as could not as a matter of law constitute a will. And the contestants cannot make this question unless the paper constitutes a part of the technical record— a question which we do not think it necessary to decide.

Between pages 6 and 7 of the record there is a blank page numbered at the bottom, ''6A.'' Unlike the other pages of the record, it does not have a hyphen before and after the page numbers. But to this blank page is pasted a paper writing which we have no doubt is the original writing or will involved in this suit. On the back of it is written in ink the following: ''Probated 5-15-1925. Both witnesses present. J. H. Maupin, clerk.'' There also appears to be other writing on the back of the paper, evidently the style and docket number of the cause but, we are unable to read it on account of the fact of the pasting. A certified copy of said writing is also incorporated in the record as page 19 thereof.

Merely for the purposes of this opinion we will treat the writing as a part of the technical record. It is as follows:

''March 7, 1925.

''One Day after Date i promise to Pay to the order of W. M. Bowman from $1 one dollar to $1000 one thousand Dollars. This is to Certify after Bob Helton git his $3000 the Remain to go to my Brother W. M. Bowman and i want Robt Helton to Adm on my Estate and see Bill git the Remains.

''his
''T J X Bowman
''mark

''Witt Roxie Helton
''G. W. Moncier.''

Assuming as we must that every issue of fact which was raised or could have been raised as to the validity of this writing as a will has been found and decided in favor of its validity, we cannot say that it is such a writing as could not as a matter of law constitute a will.

It should, of course, be construed and adjudged in the light of the facts, circumstances and situation under which it was executed, and these facts, etc., do not appear in the record. But we get the impression from a mere reading of it that the deceased wanted Helton to administer on his estate at his death; that he wanted Helton to receive $3,000, and that if there was anything left, which he estimated would be some amount between $1 and $1,000, he wanted W. M. Bowman to get it. The fact that the paper started off by saying that one day after date he promised to pay to the order of W. M. Bowman from $1 to $1000, etc., is not particularly material because he probably thought that some such statement or promise was necessary to the validity of the bequest.

We think the paper was such a one on its face as could be sustained as a will, and if it can be regarded as constituting a part of the technical record, it does not necessarily show any reversible error therein.

The writ of error will be denied, or if it has been issued it will be dismissed with costs.

Portrum and Snodgrass, JJ., concur.